PENCE v. PENCE.

[No. 9,068.   Filed October 4, 1916.]

1. APPEAL.—Review.—Conflicting Evidence.—Where the jury's verdict is supported by some evidence on every material fact involved, the appellate tribunal will not weigh conflicting testimony. p. 682.

2. TRIAL.—Harmless Error.—Inapt Words in Instruction.—Cure by Other Instructions.—While the use of the word "pecuniary" in connection with the words "loss" and "compensation" in an instruction on damages in a personal injury case is inapt and subject to criticism, yet the giving of the instruction so worded, in connection with another instruction accurately stating the elements of damage to be considered without referring to pecuniary loss, is not reversible error, since, viewing the instructions together, the jury could not have been misled as to the elements of damage by the use of the word pecuniary in the instruction complained of. p. 683.

From Grant Superior Court; Robert M. Van Atta, Judge.

Action by Luella W. Pence against Martin Pence. From a judgment for plaintiff, the defendant appeals. Affirmed.

*David P. Long* and *John A. Kersey*, for appellant.

*S. L. Stricler*, for appellee.

FELT, J.—This is a suit for damages for personal injuries alleged to have been received by appellee on account of appellant's negligence in running his automobile into and against a buggy in which appellee was riding. The complaint in one paragraph was answered by a general denial and by a second paragraph of special answer. The case was tried by a jury and a verdict returned for appellee in the sum of $825. Judgment was rendered on the verdict.

The only error assigned is the overruling of appellant's motion for a new trial. The grounds of the motion, which under the rules are fairly presented by the briefs, challenge the sufficiency of the evidence and the giving of instructions Nos. 6 and 8 on the court's own motion.

Appellant alleges in his special answer, and claims the evidence conclusively supports the averments, that appellee was in a buggy drawn by a horse driven by her husband on a public highway; that he drove his automobile to the rear of the buggy, going in the same direction, and when about 300 feet from the buggy, he sounded his gong several times, and the horse drawing the buggy started to turn to the right to let him pass; that in so approaching he drove to the left so as to give the buggy more than half the traveled portion of the road; that he reduced the speed of his car and allowed a reasonable time for the horse and buggy to move to the right side of the road so he could pass, and that he could have done so in safety, but just as he neared the buggy the horse stopped suddenly while the left

rear wheel of the buggy was still in the rut or traveled portion of the left side of the highway; that he did all he could to avoid striking the buggy but was unable to do so because of the facts afore-said; that the collision was due wholly to the stopping of the horse, as aforesaid, and not to any fault or negligence of appellant.

It is quite apparent that the special answer is only an argumentative general denial, but it is not questioned, and serves the purpose of presenting appellant's view of the case.

Appellant contends that under the act of 1909 (Acts 1909 p. 328), it was the duty of the driver of the horse drawing the buggy, on signal of his approach, to drive to the right so as to give appellant half of the traveled portion of the highway, and that he failed so to do, and, after starting to drive to the right, stopped suddenly as above stated. The statute in question contains such provisions, but, whatever effect it may have in other cases, it can not in this case be given the effect contended for by appellant, for the reason that there is a conflict in the evidence. Some of the evidence tends to support appellant's contention, but there is evidence tending to show that the horse did not stop until after the automobile struck the buggy; that the left wheels of the buggy were to the right of the center of the highway in the central part of the traveled portion of the road when the buggy was struck; that appellant was driving at a high, dangerous and unlawful rate of speed just before and at the time he struck the buggy, and that there was ample room for appellant to pass without striking the buggy; and that the roadway, to the left of the buggy was clear and comparatively level. The jury heard the evidence and decided

against appellant. The verdict is supported by
some evidence on every material fact in-
1. volved, and it is not the province of this court
to weigh conflicting testimony.

The objection to instruction No. 6, given on the
court's own motion, is that it is not applicable to
the issues of the case and assumes the fact of
appellee's injury. The instruction deals with the
subject of contributory negligence as a defense
and, when fairly construed, is not open to either
objection urged against it.

The objection urged against instruction No. 8
is that it assumes that appellee had suffered some
pecuniary loss as a result of appellant's alleged
negligence, and that the jury was told they could
consider such loss in assessing damages. The
instruction states: "If you find from the evidence
that plaintiff is entitled to recover a verdict * * *
in determining the amount of damages to be assessed
the jury may consider the pecuniary loss or damages
suffered by plaintiff as a result of the negligence of
the defendant complained of in the complaint.
You may consider the pain and suffering, if any,
by the plaintiff, the nature and extent of her in-
juries, as whether they are of a temporary or per-
manent nature, * * * and award such dam-
ages as in your judgment will be a pecuniary
compensation for the damages she has sustained
not exceeding the amount demanded in the com-
plaint." Instruction No. 6, given at the request of
appellee, was also on the measure of damages,
and it accurately states the elements of damage
that may be considered in such case without
referring to pecuniary loss. By the phrase "pecun-
iary compensation" the court evidently intended
to convey the idea of a money judgment and did

not thereby authorize a recovery for loss of wages or earning capacity as asserted by appellant.

The instructions as a whole correctly informed the jury as to their duty and limitations in assessing damages, if they found for the plaintiff, and though the use of the word "pecuniary" is inapt and

2. subject to criticism, the giving of instruction No. 8 in connection with the other instructions is not reversible error, as it could not have misled the jury.

Judgment affirmed.

Note.—Reported in 113 N. E. 751. See under (2) 38 Cyc 1595.